# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CONNIE BLEDSOE,

        **Plaintiff,**

v.                                           Case No. 18-CV-767

LUTHERAN HOME, INC.

        **Defendant.**

## ORDER

### INTRODUCTION

Plaintiff Connie Bledsoe filed this action against defendant Lutheran Home, Inc., alleging discriminatory and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Lutheran Home moves for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (ECF No. 8.) All parties have consented to the full jurisdiction of a magistrate judge. (ECF Nos. 2, 9.) Lutheran Home's motion is ready for resolution.

### FACTS

The following facts are taken from the complaint. Bledsoe is an African-American woman. (ECF No. 1, ¶ 1.) She began working at Lutheran Home as a licensed practical nurse in 2006. (*Id.*, ¶ 3.) Before 2014 Bledsoe performed her work largely without incident and generally received positive work performance reviews. (*Id.*, ¶ 4.)

In late 2014 a new manager, Heidi, became Bledsoe's immediate supervisor, and over the next year Bledsoe received multiple write-ups and disciplinary citations. (*Id.*, ¶¶ 5-6.)

Bledsoe started to believe that Heidi was biased against her. (ECF No. 1, ¶ 9.) On one occasion Bledsoe overheard Heidi laughing while referring to Bledsoe's hair as "nappy." (*Id.*, ¶ 10.) Heidi would frequently assist white nursing staff with their duties, but would be too busy to assist Bledsoe. (*Id.*, ¶ 11.) Heidi was also more fair and lenient with white nursing staff than she was with Bledsoe. (*Id.*, ¶ 12.)

Bledsoe was scheduled to meet with Heidi after a particular incident in which Bledsoe was written up and disciplined. (ECF No. 1, ¶ 16.) During this meeting Heidi was dismissive of Bledsoe's attempt to explain her position, and Bledsoe informed Heidi that she would be speaking to her lawyer if Heidi kept harassing her. (*Id.*, ¶ 17.) Bledsoe walked out of the meeting and was terminated shortly thereafter. (*Id.*)

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard

when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

**ANALYSIS**

Lutheran Home contends that the complaint fails to state a claim because it does not allege (a) that Bledsoe filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within Title VII's limitations period of 300 days, (b) that the EEOC issued a notice of right-to-sue letter, or (c) that the complaint was timely filed—that is, within 90 days of receipt of a right-to-sue letter from the EEOC. (ECF No. 8 at 2.) Lutheran Home does not contend that none of these events occurred--that is, that Bledsoe failed to timely file a charge of discrimination with the EEOC, that the EEOC did not issue a right-to-sue letter, or that Bledsoe failed to timely file this lawsuit upon receipt of a right-to-sue letter from the EEOC. It simply argues that the complaint fails to allege that they occurred.

In response, Bledsoe submits copies of a right-to-sue letter received from the EEOC (ECF No. 10-1) and documents that she contends demonstrate that she filed an action with the State of Wisconsin Equal Rights Division alleging discrimination within 300 days of the termination of her employment by Lutheran Home (ECF No. 10-2). Although the complaint does not state when Bledsoe's employment was terminated, the

3

Discrimination Complaint which Bledsoe filed with the Equal Rights Division states that the date was July 13, 2015. (ECF No. 10-2 at 10.) The Discrimination Complaint was signed by Bledsoe on May 6, 2016 (*Id.* at 3), which is within 300 days of July 13, 2015.

In reply, Lutheran Home does not argue that the documents Bledsoe submits fail to demonstrate that she has met the prerequisites for filing a Title VII complaint. Instead, it argues simply that Bledsoe fails to point out where in her complaint it is alleged that the prerequisites have been satisfied. (ECF No. 11 at 1.)

"There are a number of prerequisites to the successful maintenance of a claim under Title VII." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *see* 42 U.S.C. § 2000e-5. "A plaintiff must [first] file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005). After receipt of a right-to-sue letter, the plaintiff has 90 days in which to file a lawsuit. *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). It is true that Bledsoe does not affirmatively allege in her complaint that she has complied with the prerequisites of filing a Title VII claim in federal court, and Lutheran Home argues that that failure warrants dismissal under Rule 12(b)(6). (ECF No. 8 at 2-3.) But it does not.

A plaintiff's failure to comply with the prerequisites of a Title VII claim is an affirmative defense. *See Salas v. Wisconsin Dept. of Corrs.*, 493 F.3d 913, 921-22 (7th Cir. 2007) ("Filing a timely charge with the EEOC is not a jurisdictional prerequisite to suit

in federal court; rather, it is an affirmative defense akin to administrative exhaustion.");
*Worth v. Tyler*, 276 F.3d 249, 259 (7th Cir. 2001) ("[T]he lack of a right-to-sue letter may constitute a defense to a Title VII claim."). "Affirmative defenses do not justify dismissal under Rule 12(b)(6) [as] litigants need not try to plead around defenses." *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Lutheran Home's potential affirmative defense that Bledsoe has not complied with the prerequisites for filing a Title VII claim in federal court is an inappropriate basis for a Rule 12(b)(6) motion. Moreover, even if Bledsoe was required to allege in her complaint that she has complied with the prerequisites for filing a Title VII claim, under Rule 15(a)(2) of the Federal Rules of Civil Procedure the court is required to freely grant her leave to amend her complaint when justice so requires. Based upon the documents Bledsoe attached to her brief, it appears that she would be able to allege that she has complied with the prerequisites, and as such justice would require that the court give her leave to amend her complaint. The court will deny Lutheran Home's motion to dismiss.

**IT IS THEREFORE ORDERED** that Lutheran Home's motion to dismiss (ECF No. 8) is **denied**.

Dated at Milwaukee, Wisconsin this 24th day of October, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge