UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CONNIE BLEDSOE,

                Plaintiff,

v.

LUTHERAN HOME, INC.

                Defendant.

Civil Action No.: 2:18-cv-00767-WED

## DEFENDANT'S SUGGESTED RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Defendant The Lutheran Home, Inc. ("Defendant") by their attorneys, have attempted to confer on issues relating to the scheduling and management of this matter. On October 29, 2018, Defendant's counsel offered to prepare and circulate a draft of the joint Rule 26(f) report. Defendant's counsel did so on October 31, 2018 and asked that Plaintiff's counsel respond with any proposed modifications. Plaintiff's counsel indicated, in a telephone conversation with Defendant's counsel on November 2, 2018, that he would provide Defendant's counsel with proposed revisions to the draft joint Rule 26(f) report. Defendant's counsel has followed up with Plaintiff's counsel twice since that time, but has yet to receive any response. Accordingly, Defendant submits the following independent Suggested Rule 26(f) Report and Discovery Plan.

**I.    Nature of the Case**

Plaintiff filed the instant action asserting claims for discriminatory and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964.

Defendant denies Plaintiff's allegations as to liability and damages and will assert a number of affirmative defenses, including but not limited to failure to comply with the prerequisites of filing a Title VII claim in federal court.

**II.     Subject Matter Jurisdiction and Venue**

Defendant agrees that this Court has federal question jurisdiction over the Title VII claims pursuant to 28 U.S.C. § 1331.

**III.    Amendment of Pleadings/Addition of Parties**

Defendant has no plans to amend the pleadings or add parties.

**IV.     Contemplated Motions**

Defendant anticipates filing for summary judgment.

**V.      Proposed Schedule**

    **A.     Amendments to the Pleadings:** By leave of Court after the parties have conferred on the matter.

    **B.     Jury Demand:** Any jury demand must be made on or before December 7, 2018.

    **C.     Disclosure of All Expert Witnesses:** If needed, by or on:

    Plaintiff: March 1, 2019; and

    Defendant: April 12, 2019.

    **D.     Time to Complete Discovery:** Defendant suggests that all discovery of fact and expert witnesses shall be completed by July 8, 2019.

    **E.     Dispositive Motions:** Dispositive motions shall be filed on or before July 12, 2019.

    **F.     Schedule after Dispositive Motions:** Defendant proposes that after the dispositive motion deadline passes, the court either (1) if no dispositive motions are filed, schedule a telephonic scheduling conference to discuss scheduling of a

trial and final pretrial matters; or (2) if dispositive motions are filed, schedule a telephone conference to discuss further scheduling if the dispositive motions do not dispose of the case in its entirety.

## VI. Discovery Plan and Schedule

Defendant submits the following proposed discovery plan and schedule in accordance with Fed. R. Civ. P. Rule 26(f)(3)(A) – (F):

A. **Rule 26(a) Initial Disclosures:** Defendant suggests that parties exchange initial disclosures on or before December 14, 2018. Defendant does not otherwise seek any changes in the timing, form, or requirement for disclosures under Rule 26(a).

B. **Subjects and Completion of Discovery:**

1. **Subjects on which discovery may be needed.** Defendant suggests that the subjects of discovery may include Plaintiff's factual allegations in the Complaint; the nature and extent of Plaintiff's claims and damages; and Defendant's defenses. Defendant anticipates that discovery will not be extensive, but will include written interrogatories, requests for the production of documents, requests for admissions, and depositions of the parties, lay witnesses and expert witnesses.

2. **Electronically Stored Information.** At this time, Defendant does not anticipate any special issues related to the disclosure or discovery of electronic information but will promptly address any issues that arise during the course of discovery. If any disputes arise with regard to ESI, Defendants suggests that the parties follow the requirements of Civil L. R. 37 regarding Discovery, prior to bringing any matter before the Court.

3. **Procedures Regarding Claims of Privilege and Work-Product Protection.** At this time, Defendant does not anticipate any special issues related to the disclosure or discovery of privileged or work-product information.

4. **Limitations on Discovery.** Defendant does not propose any changes to the limitations on discovery that are set forth by the Federal Rules or by the Local Rules.

5. **Discovery Disputes.** Pursuant to Civil L. R. 37, in the event that a discovery dispute arises, Defendant suggests that the parties meet and confer and good faith, and, if such good faith conference is unsuccessful at resolving the dispute, that the parties request a pre-motion conference with the Court before filing any motion to compel.

6. **Any other orders that should be entered under Rule 26(c) or Under Rule 16(b), (c).** This case will require the entry of a Rule 26(c) protective order given that it will likely require discovery into employment decisions involving other personnel. Defendant suggests that the parties attempt to stipulate to the terms of a protective order and submit the same to the court. Defendant does not anticipate that the Court will need to enter any orders pursuant to Fed. R. Civ. P. 16(b) or (c) at this point in time other than a scheduling order.

VII. **Electronic Service**

Defendant suggests that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

Dated this 7th day of November, 2018.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097<br><br>Mailing Address:<br>P.O. Box 2965<br>Milwaukee, WI 53201-2965 | <u>/s Katie D. Triska</u><br>Katie D. Triska<br>WI State Bar ID No. 1061398<br>ktriska@reinhartlaw.com<br>Brittany Lopez Naleid<br>WI State Bar ID No. 1065846<br>bnaleid@reinhartlaw.com<br><br>Attorneys for Defendant The Lutheran Home, Inc. |